## BLAS *v*. COLÓN ET AL.

### APPEAL from the District Court of Ponce.

#### No. 36.—Decided February 21, 1905.

APPEAL—EVIDENCE—DOCUMENTS PRESENTED TO APPELLATE COURT.—Documents presented to the appellate court and which form no part of the record of the case will not be considered.

NULLITY OF PROCEEDINGS—ORAL TRIAL—EVIDENCE OF CONFESSION.—Where an adverse decision was rendered in an oral action prosecuted against a husband and his wife on the sole evidence of confession of the former in the name of the latter, and the annulment of such proceedings having been prayed for on the ground that evidence of confession should relate only to personal acts of the person making the confession, who cannot make such confession in the name of another, it was held that the wife having ratified the confession by subsequent acts which showed her wish to consider it as valid and binding, such defect, although it was proved to exist, does not constitute a ground for annulment.

ID.—INTERVENTION OF OWNERSHIP—ATTACHMENTS.—Where an attachment is decreed in a proceeding, if it should prejudice the rights of a person who was not made a defendant therein, his action to enforce his rights is not one to secure the annulment of the proceedings, but an action in intervention of ownership, wherein he may make all the allegations he may think proper tending to identify, establish the boundaries, and prove his ownership of the properties.

SIMULATED CONTRACTS—FRAUD OF CREDITORS.—The simulation of a contract of purchase and sale cannot favor a party seeking the annulment thereof on the ground that it was made to defraud him as a creditor, unless it appears that he possesses the character of a creditor of the vendor who executed the contract.

ID.—COMPLICITY OF PURCHASER IN FRAUDULENT TRANSACTION.—The rescission of a conveyance on the ground that it was made in fraud of creditors cannot be decreed, unless it be shown by the different methods recognized by the law, that the purchaser was implicated in the fraud with which the vendor was charged.

The facts are set forth in the opinion.

*Mr. Eduardo Acuña,* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

In the executory proceedings brought before the former Court of First Instance of Ponce by Lorenzo Blas Carro as the assignee of José Monge Engilantti, against José Gutiérrez Maldonado, the execution creditor Blas Carro, was awarded on October 7, 1897, two pieces of land in payment of his claim: one situated in the *barrio* of Rusio, municipality of Peñuelas, consisting of 31.25 *cuerdas,* and the other in the same *barrio,* consisting of 8 *cuerdas.* The creditor was given possession of these estates and they were recorded in his name in the registry of property.

Lorenzo Blas Carro, after becoming the owner of these two estates, sold by public instrument the one consisting of 31 *cuerdas* to Ramón Blas Toro, who also had it recorded in his name in the same registry.

During the pendancy of the executory action which, as has been stated, had been brought by Carro against his debtor José Gutiérrez Maldonado, the latter sold to Eulogia Colón y Sierra, the wife of Prudencio Rodríguez Arce, a parcel of land consisting of 25 *cuerdas.* The date of the deed of sale is September 28, 1897, and it was also recorded in the registry of property in the name of the purchaser. In a civil oral action brought against Eulogia Colón Sierra and her husband, Prudencio Rodríguez Arce, by Angel Maldonado y Cortí for the recovery of $396 on the sole evidence of confession of the husband for himself and in the name of his wife, who did not attend the hearing on account of alleged sickness, judgment was rendered, and on the institution of compulsory proceedings an attachment was levied on the estate of Eulogia Colón, consisting of 25 *cuerdas* which she had purchased from José Gutiérrez Maldonado. The attachment was recorded in the registry and it appears that on May 15, 1903, an order was

made adjudicating the property to the plaintiff, Angel Maldonado. It is to be noted that Eulogia Colón Sierra did not contest this civil oral action, but on the contrary up to the time judgment was rendered against her, she so conducted herself subsequently to the proof of confession as to show her agreement to the prosecution of the action.

Lorenzo Blas Carro and Ramón Blas Toro, under these circumstances, and on the supposition that the attachment, record, and adjudication referred to the 25 *cuerdas* included among those acquired and possessed by them, brought this action against Angel Maldonado and the spouses Prudencio Rodríguez Arce and Eulogia Colón Sierra on July 15, 1903, in the court of Ponce. After setting forth the above facts in the complaint they alleged and prayed:

First. That the civil oral action prosecuted by Maldonado against the said husband and wife should be declared null, for the reason that confession in court must relate to personal acts of the confessor, and it is necessary that he have the capacity to make it and the husband therefore could not make a valid confession of acts which related to his wife.

Second. That the instrument dated September 28, 1897, relating to the sale of the estate of 25 *cuerdas* made by José Gutiérrez Maldonado to Eulogia Colón Sierra, the wife of Rodríguez, be held to be rescinded and consequently null, because contracts entered into to defraud creditors and those which refer to things the subject of pending litigation are subject to rescission, when they are entered into with the defendant without the knowledge and approval of the parties litigant or of the proper judicial authority; conveyances made after the issue of an order of attachment being at the same time considered fraudulent.

Third. That the plaintiffs be declared the owners of the land withheld from them as a consequence of the attachment levied by reason of said civil oral action, and that the pos-

session thereof be restored to them and that they be protected therein; and

Fourth. That the record and cautionary notice appearing at folio 231 and over of volume 11 of Peñuelas, estate No. 257, be cancelled, articles 1231, 1291, 1294 and 1297 of the former Civil Code and the corresponding articles of the Revised Code being cited in support thereof.

The proceedings herein were had, the defendants being in default, the only person appearing at the hearing being Angel Maldonado. The proof of confession, the documentary evidence and the witnesses produced by the plaintiff were heard and considered, all tending to show the fictitious character of the debt which was collected through the aforesaid civil oral action.

The District Court of Ponce, after considering that the burden of proof rests on the plaintiff, that the right of action sought to be enforced is based upon the nullity of a prior act, and that the violations of law which the plaintiffs alleged had been committed in the civil oral proceedings, the annulment of which is requested, had not been established, rendered judgment on December 2, 1903, dismissing the complaint and rendering judgment in favor of the defendants, taxing the costs against the plaintiffs.

The latter took an appeal which was allowed and they entered an appearance before this Supreme Court producing the proper copies through their counsel, Eduardo Acuña, who submitted a copy of a judgment which does not appear in the record and which consequently cannot be taken into consideration, and his brief submitting for the consideration of this court the question of nullity of the civil oral action, alleging substantially the same reasons which were presented in the complaint and others relating to the fictitious character of said debt; and at the hearing he made such oral argument as he considered proper in support of his contention, without any of the respondents attending.

The proceedings in the civil oral action cannot be declared null, even supposing they contained the alleged defect rendering them null, and such defects had been established, because the confession made by the husband, in the name of his wife, was validated by her acknowledgment of said confession, which was ratified by subsequent acts which showed her wish to have it considered valid and effective. But the fact is that the plaintiffs, now the appellants, were not parties to that action, except in so far as some right of theirs might be prejudiced, and the only act which could have caused them injury is the attachment of the lands which they claim to be their property, and in that event the correct and proper course was not to plead alleged nullities, but to institute proceedings in intervention, at which all arguments tending to identify, survey and prove the ownership of such lands, with all their consequences, might be adduced.

Nor can the appellants derive any benefit from the fact that the debt sought to be recovered by Maldonado of the spouses Rodríguez-Colón was fictitious, because it does not appear that the appellants were the creditors of the latter, and under such conditions they cannot maintain that an attempt was being made to avoid payment of such indebtedness.

We would conclude our consideration here were it not for the fact that the petition, in addition to the question of nullity already disposed of, requests the rescission of the contract of sale entered into by José Gutiérrez Maldonado and Eulogia Colón Sierra, on September 28, 1897, on the ground that it was made for the purpose of defrauding creditors; but it is not possible to rescind this conveyance as fraudulent, if the complicity of the purchaser in the fraud attributed to the vendor be not established by the different means recognized in law, and in this specific case under consideration no evidence has been produced tending to show acts necessary to the end proposed.

The third and fourth points of the petition rest upon the

disposition of the first two questions raised, that is to say, the nullity and rescission; but as it has been seen that these points are not well taken, the former must fall with the latter.

For the reasons stated and on the grounds set forth in the judgment rendered by the Ponce court on December 2, 1903, we affirm the said judgment with the costs against the plaintiffs.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.